# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL W. WESTBROOK, | CASE NO. 1:09-cv-01235-OWW-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF |
| v. | ACTION FOR FAILURE TO STATE ANY CLAIMS UPON WHICH RELIEF MAY BE |
| PAT L. VAZQEZ, et al., | GRANTED |
| Defendants. | (Doc. 1) |
| _____ / | OBJECTIONS DUE WITHIN 30 DAYS |

**Findings and Recommendations Following Screening**

Plaintiff Earl W. Westbrook ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on July 6, 2009 in the Sacramento Division of the Eastern District of California. The action was transferred to the Fresno Division on July 17, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

**I.      Summary of Complaint and Analysis**

Plaintiff is currently incarcerated at Wasco State Prison, where the events giving rise to this action allegedly occurred.  Plaintiff names as defendant Warden Pat Vazqez.

Plaintiff alleges that on August 11, 2008, he was scheduled to be transported to Bakersfield for a hernia consultation.  Plaintiff alleges that he requires dialysis and was on his way to have his dialysis done.  Plaintiff alleges that he was pushed from the back loading steps to the transport van by correctional officer Valencia.  This push caused Plaintiff to scrape his right knee, left ankle, and hitting his right shoulder on the rear door jam, which caused Plaintiff to suffer a whiplash injury.

Plaintiff alleges that because they were at the wrong location, Plaintiff and other inmates for medical transport marched back to the van.  Plaintiff alleges that the steps leading up to the rear door of the van are a death trap, in that there are no handrails to catch a person if he should lose balance.  Plaintiff alleges this is more difficult for prisoners in leg restraints and handcuffs.  Plaintiff alleges negligence on the part of the warden and seeks compensatory damages.

Plaintiff's claims fail as a matter of law.  Negligence is not actionable under § 1983.  Daniels v. Williams, 474 U.S. 327, 335-36 (1985).

If Plaintiff is alleging supervisory liability by warden Vazqez, Plaintiff also fails to state a claim. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges at most respondeat superior liability for Warden Vazqez, which is not a cognizable § 1983 claim.

The Court further finds that Plaintiff will not be able to amend his complaint to state a cognizable claim. Thus, leave to amend should not be granted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

## II.     Conclusion and Recommendation

Plaintiff fails to state any cognizable claims under 42 U.S.C. § 1983. Plaintiff will not be able to amend his complaint to cure the deficiencies identified herein. Further leave to amend should not be granted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for failure to state any claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The plaintiff is advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: <u>**March 13, 2010**</u>        <u>**/s/ Dennis L. Beck**</u>
                                                                                UNITED STATES MAGISTRATE JUDGE